IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| OTIS SHEPPARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-784-A |
| | § | |
| BILL WAYBOURNE, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Plaintiff, Otis Sheppard, a prisoner incarcerated at Tarrant County Jail, filed this action pro se under 42 U.S.C. § 1983, naming as defendants[1], Tarrant County Sheriff Billy Wayborne and Chief of Police Joe Fitzgerald.

I.

The Complaint

Plaintiff in this case has filed 2 versions of his amended complaint. See Doc.[2] at 7-8. The language in these complaints is nearly identical, alleging that plaintiff was unlawfully arrested and imprisoned, and that defendants have refused to release him despite, in his words, an "affirmed statement made

---

[1] The complaint does not specify if defendants are named in their official or individual capacities. A suit naming defendants in their official capacities would be tantamount to a suit against Tarrant County ("County"). Accordingly, the court is considering that defendants are named in their individual capacities.

[2] The "Doc._" references are to the numbers assigned to the referenced documents on the docket of this civil case, No 4:17-CV-784-A.

unlawfully to manipulate law enforcement," Doc. 7 & 8 at 4, and that law enforcement "found out I am the wrong person." Doc. 7 at 4. Plaintiff seeks a judgment on his false imprisonment claim against defendants and monetary compensation for his time spent in jail.

II.

## Screening Pursuant to 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and citations omitted). Having now considered the allegations in the complaint, the court concludes that all

claims asserted by plaintiff against defendants should be dismissed under the provisions of 28 U.S.C. § 1915A.

IV.

## Analysis

The law is clear that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render his conviction or sentence invalid, plaintiff must prove that the conviction or sentence has been reversed or otherwise declared invalid. Otherwise, the claim is not cognizable under § 1983. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Id., 512 U.S. at 486.

Although plaintiff's amended complaints are lacking many factual allegations, plaintiff makes clear that he is challenging the fact of his arrest[3] and alleged unlawful imprisonment. A favorable ruling by this court on any of these claims would necessarily imply the invalidity of plaintiff's criminal proceedings. This, in fact, is the result plaintiff seeks through this § 1983 action, as plaintiff states he wants a

---

[3]The primary distinction between his two amended complaints is that one refers to his arrest and confinement for an unlawful restraint charge, and the other refers to an arrest and confinement for reckless driving. His original complaint stated he was unlawfully arrested and confined for assault. The record is unclear as to if these arrests are all part of the same transaction or occurred on separate dates, Either way, plaintiff seems to be challenging his arrest(s) for all listed offenses.

3

judgment that his confinement is unlawful and monetary compensation for the time he has spent falsely imprisoned.

Because plaintiff has failed to allege or show that an authorized tribunal or executive body has overturned or otherwise invalidated his conviction, his claims '[are] not cognizable under [§] 1983.'" Id. Accordingly, plaintiff's claims are dismissed as frivolous. Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) (A claim that falls under the rule of Heck "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff, Otis Wayne Sheppard, against defendants, Bill Wayborne and Joe Fitzgerald, be, and are hereby, dismissed pursuant to the authority of 28 U.S.C. § 1915A(b)(1).

SIGNED October 10, 2017.

_____
JOHN MCBRYDE
United States District Judge